UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR06-197-RSL |
| Plaintiff, | ) | |
| v. | ) | DETENTION ORDER |
| CHADWICK QUENTON SMITH | ) | |
| Defendant. | ) | |

Offense charged:

    Conspiracy to Distribute Heroin, Forfeiture Allegation

Date of Detention Hearing:   July 17, 2006

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

    FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

    (1)    Defendant is charged with a drug offense for which the maximum penalty exceeds

DETENTION ORDER    15.13
18 U.S.C. § 3142(i)    Rev. 1/91
PAGE 1

ten years. There is, therefore, a rebuttable presumption of flight risk and dangerousness under 18 U.S. C. §3142(e).

(2)   Defendant's criminal history includes prior theft and drug charges, with multiple warrants issued for failure to appear for hearing. It appears from the defendant's criminal record that his participation in drug court in the King County Superior Court was unsuccessful due to failure to successfully complete drug treatment. Most recently, the defendant either walked away from or was terminated from the William Booth Center where he was in drug treatment. He states that he left because of a disagreement about the imposition of urinalysis testing. The AUSA proffers he was terminated for drug use. He is a current methadone user and the record indicates other drug use as well.

(3)   The defendant does not have a stable employment history. Most recently, he has been living in his car and with a friend.

(4)   The defendant has a number of mental health issues. He reports that he was offered mental health counseling at the William Booth Center but did not follow through with it.

(5)   Nothing in the record effectively rebuts the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

(6)   There does not appear to be any condition or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings while addressing the danger to other persons or the community.

It is therefore ORDERED:

(1)   Defendant shall be detained pending trial and committed to the custody of the

Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 17th day of July, 2006.

Mary Alice Theiler
United States Magistrate Judge